**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| Rosita McCamey, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Capital Management Services, LP, a Delaware limited partnership, and Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) ) | Class Action |
| Defendants. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Rosita McCamey, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letters violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; c) both Defendants transact business here, and Defendant Jefferson resides here.

### PARTIES

3. Plaintiff, Rosita McCamey ("McCamey"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants

attempted to collect a delinquent consumer debt, which she allegedly owed for a Fingerhut Direct Marketing credit card account.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant CMS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant CMS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts that it did not originate. Defendant Jefferson operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Jefferson is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Jefferson's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

## FACTUAL ALLEGATIONS

7.     Due to tough financial times, in 2007 Ms. McCamey fell behind in paying some of her debts, including one she allegedly owed for a Fingerhut account. Sometime after that debt became delinquent, it was allegedly purchased/obtained by Jefferson, which tried to collect upon it, by having Defendant CMS demand payment of the debt, via collection letters, dated February 12, 2017 and May 6, 2017.  These letters made "settlement" offers of 66% and 61% and belatedly stated:

* * *

> As a result of the expiration of the statute of limitations with respect to such debt, legal action may not be brought against the consumer to collect such debt.  Any payment by the consumer towards the debt may cause the statute of limitations for such debt to reset.

* * *

Copies of these letters are attached as Group Exhibit A.

8.     The statute of limitations in the State of Alabama for collecting the delinquent debt at issue was, pursuant to Alabama Code § 7-2-725, four years from the date of the last payment.

9.     Defendants' attempts to collect upon a time-barred debt, without adequate disclosure that the debt at issue was time-barred, violates the FDCPA.  First, the disclosure is written in the third person and would not be understood as applying to the recipient of the letter.  Second, it is written as if the Defendants have chosen not to sue, rather than that they cannot sue. Third, it fails to disclose that neither defendant can make any credit report.

10.    Defendants' failure to disclose that no one could sue to collect, or credit report, the debt is material.  This lack of a proper disclosure would leave the consumer

without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants, that the debt needed to be settled.

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

15. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

16.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because they failed to adequately disclose that Defendants could not sue on, or credit report about the debt: the disclosure is written in the third person and would not be understood as applying to the recipient of the letter, it is written as if the Defendants have chosen not to sue, rather than that they cannot sue, and it fails to disclose that neither defendant can make any credit report.

17.     These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692e of the FDCPA.

18.     By sending the collection letters (Group Exhibit A) for a debt that was time-barred, Defendants violated § 1692e of the FDCPA.

19.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

20.     Plaintiff adopts and realleges ¶¶ 1-12.

21.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22.     Defendants, by attempting to collect a time-barred debt, without adequate disclosure, used an unfair or unconscionable means to collect a debt, in violation of §

5

1692f of the FDCPA.

23. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

24. Plaintiff, Rosita McCamey, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a Fingerhut account, via the same form collection letters that Defendants sent to Plaintiff (Group Exhibit A), from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25. Defendants regularly engage in debt collection, using the same form collection letters that they sent Plaintiff McCamey, in their attempts to collect delinquent consumer debts from other consumers.

26. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letters they sent Plaintiff McCamey.

27. Plaintiff McCamey's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29. Plaintiff McCamey will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff McCamey has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Rosita McCamey, individually and on behalf of all other similarly situated, prays that this Court:

1. Certify this matter as a class action, and appoint Plaintiff McCamey as the class representative, and her attorneys as class counsel;

2. Find that Defendants' form collection letters violate the FDCPA;

3. Enter judgment in favor of Plaintiff McCamey and the class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    4.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rosita McCamey, individually and on behalf of all others similarly situated, demands trial by jury.

                                      Rosita McCamey, individually and on behalf of all others similarly situated,

                                      By: /s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

                                      By: /s/ Ronald C. Sykstus_____
                                        One of Plaintiff's Attorneys

Dated:  August 22, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com